FILED
2020 OCT 06 03:18 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 20-2-14858-0 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

AMANDA SCHICK

    Plaintiff,

v.

STUDENT LOAN SOLUTIONS, LLC

    Defendant.

Case No. 20-2-14858-0 SEA

COMPLAINT

COMES NOW Plaintiff Amanda Schick who brings this action by her undersigned counsel, and who alleges as follows:

## I. PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Amanda Schick is a resident of Washington State and has been subjected to debt collection activities by the Defendant.

2. Defendant Student Loan Solutions, LLC ("SLS") is a debt collector engaged in the business of a collection agency, using the mails and telephone to collect consumer debts, the principal purpose of which is the collection of any debt. SLS is a corporation chartered under South Carolina law with offices at 707 Land Fall Drive, Rock Hill, SC, 29732-9437. SLS does business in Washington, and its registered agent in Washington is Cogency Global Inc., 1780 Barnes Blvd SW, Tumwater, WA, 98512-0410.

3. SLS is a licensed as an out of state Washington collection agency under UBI# 604-219-759.

COMPLAINT - 1

Henry & DeGraaff, p.s.
787 Maynard Ave S
Seattle, WA 98104
telephone (206) 330-0595
fax (206) 400-7609

4. This Court has jurisdiction over SLS because SLS does business in Washington State and King County by collecting or attempting to collect debts from Washington State residents. Therefore, SLS has obtained the benefits of the laws of Washington and it is subject to the jurisdiction of this Court.

5. Venue is proper in King County Superior Court because many of the acts and transactions occurred, and SLS transacts business, in King County, Washington.

## II. FACTUAL BACKGROUND

6. On June 22, 2020, SLS, through its attorney, sent Ms. Schick a letter claiming that she owed (and demanding payment for) $49,203.56 in principal and $1,169.57 in interest for a total of $50,373.13 on an account allegedly owed to SLS. *See* June 22, 2020 letter attached hereto as Exhibit A.

7. Ms. Schick, having never done business with SLS, was confused by the letter and shocked at the dollar amount. As a schoolteacher, Ms. Schick could never hope to pay the amounts SLS demanded even if she did owe SLS money.

8. The June 22, 2020 communication failed to list the name of the original creditor and did not provide any information to Ms. Schick about why she would owe any debt to SLS.

9. Shortly thereafter, Ms. Schick sent a letter to SLS which disputed the debt and asked for more information. The letter requested documentation that would support SLS' belief that Ms. Schick owed money.

10. In response, SLS sent Ms. Schick a second collection later dated July 7, 2020 with several documents attached. A copy of the letter and its attachments is attached hereto as Exhibit B.

11. The documents were extremely confusing to Ms. Schick for several reasons:

12. First, the debt verification response provided no information to explain SLS' ownership of the alleged debt. The "blanket endorsement of student loan promissory notes," and "Bill of Sale" included with the verification provided no clarity regarding the alleged debt or how SLS claimed to sue upon it. Ms. Schick was unaware of signing any promissory note with

COMPLAINT - 2

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S
SEATTLE, WA 98104
telephone (206) 330-0595
fax (206) 400-7609

any entity, and it was unclear to her who would have purchased a "promissory note" since she had not executed one.

13. Second, the documents included an "Account Statement with Atty Fees" alleging that Ms. Schick owed $49,204.56 in principal and $1,169.57 in interest for a total of $50,373.13 to Student Loan Solutions, LLC. Additionally, the document alleged that Ms. Schick owed a 20% commission for attorney fees in the amount of $10,074.63. The document also claimed that Bank of America was both the original creditor and the guarantor of a student loan, which was originally dated August 24, 2007 and then charged off on February 24, 2014.

14. Third, the July 7, 2020 letter did not include any meaningful information to support the amount allegedly owed, such as billing statements or a payment history, even though Ms. Schick requested this information.

15. In August 2020, Ms. Schick was served with a collection lawsuit brought by SLS. *See* Complaint attached hereto as Exhibit C.

16. The collection lawsuit alleged that Ms. Schick became indebted on loans on August 24, 2007, and that at some point later SLS "for consideration purchased, received, and became entitled to assert all rights title and interest in and to the claims asserted in this complaint."

17. SLS alleged that it purchased the account directly from Bank of America in 2017, however it is unclear whether Bank of America's supposed role was as lender or as guarantor.

18. In summary, SLS provided documents which purport to show that in 2007, Ms. Schick signed an application for a loan. There is no indication that any such loan was actually given, and Ms. Schick does not recall anything about the supposed loan. While SLS repeatedly asserts that the principal amount of the loan was $49,203.56, the document it relies upon (the supposed loan application) indicates that it is an application for a loan not to exceed $30,000.00, meaning the few documents held by SLS are internally contradictory. Above and beyond all of these factors, even if everything stated by SLS was absolutely true in every respect, its claims would still be barred by the statute of limitations, as no payments had been made which would

COMPLAINT - 3

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S
SEATTLE, WA 98104
telephone (206) 330-0595
fax (206) 400-7609

extend the statute of limitations to make the lawsuit timely. In any case, even if Ms. Schick at one time owed someone money, that money is not owed to SLS.

19. As a result of SLS's actions detailed above, Plaintiff Schick had to seek counsel to ascertain her legal rights and responsibilities, causing her to incur out-of-pocket expenses, and she suffered a great deal of unease and financial uncertainty as a result of SLS' pursuit of such a massive alleged debt

### III. CAUSES OF ACTION

#### A. General Allegations Applicable to All Counts

20. With respect to the alleged debt, Plaintiff is a consumer as defined by 15 U.S.C. § 1692a(3)a and Defendant SLS is a debt collector as defined by 15 U.S.C. § 1692a(6).

21. With respect to the alleged debt, Plaintiff is a "debtor" as defined by RCW 19.16.100(8) and Defendant SLS is a collection agency as defined by RCW 19.16.100(4).

22. For claims arising under the Fair Debt Collection Practices Act, such claims are assessed using the "least sophisticated debtor" standard. *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007).

#### B. Count 1 (and all subcounts)

23. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e. A non-exclusive list of examples within the statute includes: The false representation of the character, amount, or legal status of a debt (§ 1692e(2)), the threat to take any action which cannot be legally taken (§ 1692e(5)); the false representation of information to others (§ 1692e(8));or the use of any false representation or deceptive means to collect or attempt to collect a debt (§ 1692e(10)).

24. Defendant used false, deceptive, or misleading representations or means in connection with the collection of an alleged debt when it:

    a. Sent a letter dated June 22, 2020 to collect on a debt that Plaintiff did not owe. *See* Exhibit A.

COMPLAINT - 4

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S
SEATTLE, WA 98104
telephone (206) 330-0595
fax (206) 400-7609

b. Sent a letter dated July 7, 2020 to collect on a debt that Plaintiff did not owe. *See* Exhibit B.

c. Filed a collection lawsuit in August 2020 against Ms. Schick on a debt which Plaintiff did not owe. *See* Exhibit C.

d. Represented that the basis of its claims arose from a "promissory note," when no such note existed;

e. Represented that $49,203.56 was owed as "principal," while simultaneously claiming that the basis of the debt was a document which would have limited principal to $30,000.00, if it had been completed.

f. Represented that over $10,000.00 in attorney's fees were owed to SLS.

25. Therefore, Defendant violated 15 U.S.C. § 1692e, and/or its subsections on numerous occasions.

### C. Count 2 (and all subcounts)

26. A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C. § 1692f.

27. As one set of facts may give rise to several FDCPA violations, Plaintiff Schick realleges paragraph 24, *supra*, as constituting unfair and unconscionable means to collect a debt.

28. Furthermore, it was unfair and unconscionable to fail to provide any accounting for the alleged debt to support the $49,203.56 in principal stated as owed, and the interest of $1,169.57 when Ms. Schick specifically asked for the following in her debt verification letter:

a. A copy of the last billing statement sent to her by the original creditor;

b. A detailed itemization showing the dates and amounts of any additional interest, fees, or charges added since the last billing statement from the original creditor;

c. An itemization showing the dates and amounts of any and all payments or other reductions since the last billing statement from the original creditor;

d. The date the original creditor claims the debt became due and the date it became delinquent;

COMPLAINT - 5

Henry & DeGraaff, p.s.
787 Maynard Ave S
Seattle, WA 98104
telephone (206) 330-0595
fax (206) 400-7609

29. It was unfair, unconscionable, and/or confusing to provide Ms. Schick information that Bank of America was both the Original Creditor and the Guarantor Creditor in response to her request for information. A guarantor by definition cannot be the same entity as the creditor.

30. Additionally, it was unfair and unconscionable to provide Ms. Schick with an Account statement that included a 20.00% attorney fee commission rate totaling $10,074.63. *See* the Account Statement attached as Exhibit D

31. Defendant therefore violated 15 U.S.C. § 1692f and/or § 1692f(1) on numerous occasions.

### D. General Allegations Applicable to All CPA Claims

32. Violations of RCW 19.16.250 are per se violations of the Consumer Protection Act ("CPA"), RCW chapter 19.86 and violations are injurious to the public interest as unfair and deceptive practices.[1] *See* RCW 19.16.440; RCW 19.86.093. RCW 19.86.090 provides for treble damages (to a limit of $25,000) and attorney's fees.

33. Because RCW Chapter 19.16 is enforced through RCW 19.86 *et seq.*, the below counts alleging violations of RCW Chapter 19.16 are therefore CPA violations.

34. Even minimal or nominal damages constitute "injury" under the CPA. *Panag*, 166 Wn.2d at 57. A plaintiff need not prove any monetary damages at all, as even "unquantifiable damages" suffice to establish "injury" for purposes of the CPA. *Id.* (citing *Nordstrom, Inc. v. Tampourlos*, 107 Wn.2d 735, 740 (1987)).

### E. Count 3

35. RCW 19.16.250(21) prohibits the collection, or attempted collection, of any amounts in addition to the principal of a claim other than allowable interest, collection costs, or

---

[1] *See Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 53 (2009) ("Consumer debt collection is a highly regulated field. When a violation of debt collection regulations occurs, it constitutes a per se violation of the CPA…").

COMPLAINT - 6

HENRY & DeGRAAFF, P.S.
787 MAYNARD AVE S
SEATTLE, WA 98104
telephone (206) 330-0595
fax (206) 400-7609

handling fees expressly authorized by statute, and, in the case of suit, attorney's fees and taxable court costs.

36. Here, Defendant SLS also demanded money through a lawsuit for a "debt" that is not owed, especially to SLS. Thus, the "principal" amount is zero dollars, and SLS sought to collect more than was owed.

37. Defendant therefore violated RCW 19.16.250(21).

### F. Count 4

38. A collection agency may not: "Threaten to take any action against the debtor which the licensee cannot legally take at the time the threat is made." RCW 19.16.250(16). This is the analogous provision to 15 U.S.C. § 1692e(5), which is worded nearly identical.

39. Thus, Plaintiff Schick realleges the false, deceptive, or misleading representations in paragraph 28, *supra*, as constituting unfair and deceptive practices.

40. Plaintiff therefore violated RCW 19.16.250(16) on numerous occasions.

### G. Count 5 – Injunctive Relief

41. A party may seek injunctive relief for violations of the Consumer Protection Act. RCW 19.86.090.

42. Plaintiff Schick seeks injunctive relief from this Court which would enjoin SLS from collecting debts in the manner described above from any other person similarly situated.

43. Plaintiff Schick seeks an injunction that broadly bars SLS from engaging in certain debt collection practices against any debt, as opposed to barring those practices strictly with respect to them alone. *See, e.g.*, *State v. Kaiser*, 161 Wn. App. 705 (2011) (Upholding injunction that prohibited company from entering into certain agreement with any property owner); *Klem v. Washington Mut. Bank*, 176 Wn.2d 771, 796 (2013) (Injunction requiring company to follow Washington law not "overly broad and unenforceable" where company "demonstrated little understanding or regard for Washington law.").

COMPLAINT - 7

Henry & DeGraaff, P.S.
787 Maynard Ave S
Seattle, WA 98104
telephone (206) 330-0595
fax (206) 400-7609

44. Specifically, Plaintiff seeks an injunction prohibiting Defendant SLS from its unlawful collection tactics, including but not limited to demanding money that is not owed, and telling debtors that SLS owns the right to payment based on non-existent negotiable instruments.

45. The Plaintiff has reason to believe these actions make up a pattern and practice of behavior and have impacted other individuals similarly situated.

46. Injunctive relief is necessary to prevent further injury to the Plaintiff and to the Washington public as a whole.

47. Injunctive relief should therefore issue as described herein.

### IV.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

48. For Judgment against Defendant for actual damages.

49. For statutory damages of $1,000.00, for FDCPA violations.

50. For statutory damages of $2,000.00 per violation, for Washington Collection Agency Act and Consumer Protection Act violations.

51. For treble damages, pursuant to RCW 19.86.090, calculated from the damages determined by the court.

52. For costs and reasonable attorney's fees as determined by the Court pursuant to 15 U.S.C. 1692k(a)(3) and RCW 19.86.090.

53. For injunctive relief pursuant to RCW 19.86.090 as described above.

DATED this October 5, 2020.

| | |
|---|---|
| **HENRY & DEGRAAFF, P.S.** | **ANDERSON SANTIAGO, PLLC** |
| By:    _/s/ Christina L Henry_____<br>Christina L Henry, WSBA #31273<br>Attorneys for Plaintiff<br>787 Maynard Ave S<br>Seattle, WA 98104<br>Tel# 206-330-0595<br>Fax# 206-400-7609 | By: _/s/ Tyler Santiago_____<br>T. Tyler Santiago, WSBA No. 46004<br>Jason D. Anderson, WSBA No. 38014<br>Attorneys for Plaintiff<br>787 Maynard Ave. S.<br>Seattle, WA 98104<br>(206) 395-2665 / (206) 395-2719 (fax) |

COMPLAINT - 8

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S
SEATTLE, WA 98104
telephone (206) 330-0595
fax (206) 400-7609