Hon. Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| AMANDA SCHICK,<br><br>    Plaintiff,<br><br>    vs.<br><br>STUDENT LOAN SOLUTIONS, LLC<br><br>    Defendants. | No. 2:20-cv-01529-BJR<br><br>JOINT STATUS REPORT AND DISCOVERY PLAN |

Pursuant to Fed. R. Civ. P. 16 and 26(f), and the Court's Orders on Initial Discovery, (Dkt 9), Plaintiff and Defendant, though counsel, (collectively the "Parties") submit the following Joint Status Report and Discovery Plan.

**1.    A statement of the nature and complexity of the case.**

Plaintiff filed this action on October 6, 2020 in the Washington State Superior Court of the County of King under Case No. 20-2-14858-0 SEA, alleging that the Defendant violated the federal Fair Debt Collection Practices Act ("FDCPA") and/or Washington's Consumer Protection Act ("CPA") by the manner in which they collected alleged debts that the Plaintiff claims are not owed.

This case is not complex, other than that Plaintiff alleges multiple FDCPA and CPA violations against the Defendant on a variety of grounds.

**2.    A proposed deadline for the joining of additional parties.**

JOINT STATUS REPORT AND DISCOVERY PLAN - 1
2:20-cv-01529-BJR
Joint Status Conf -Schick v SLS - final.docx

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S
SEATTLE, WA 98104
V (206) 330-0595 /  F (206) 400-7609

The deadline for joining additional Parties should be 30 days following the filing of this Joint Status Report.

**3. Whether the parties consent to assignment of this case to a full time United States Magistrate Judge, pursuant to 28 U.S.C. §636(c) and Local Rule MJR 13 to conduct all proceedings.**

No.

**4. A discovery plan that states, by corresponding paragraph letters, the parties' views and proposals on all items in Fed. R. Civ. P. 26(f)(3), which includes the following topics:**

**a.  Initial disclosures.**

The Parties intend to exchange initial disclosures by 12/28/2020, as required by the Court's Order on initial discovery. (Dkt 8).

**b.  Subjects, timing, and potential phasing of discovery.**

The parties do not believe that discovery need be conducted in phases, and should be conducted within the parameters provided by the Federal Rules of Civil Procedure.

Plaintiff's currently intends to conduct discovery on the following topics:

1. Plaintiff intends to conduct discovery about whether the Defendant Student Loan Solutions, LLC ("SLS") owns the alleged debt that is the subject of this lawsuit.

2. Plaintiff intends to conduct discovery about the means the Defendant uses to collect debts.

3. Plaintiff intends to conduct discovery about whether the debt at issue is owed.

4. Plaintiff intends to conduce discovery about whether the Defendant is collecting similar debt with the same debt collection practices against other Washington State residents.

5. Plaintiff intends to conduct discovery about any and all fact and issues raised in the Complaint.

Defendant currently intends to conduct discovery on the following topics:

JOINT STATUS REPORT AND DISCOVERY PLAN - 2
2:20-cv-01529-BJR
Joint Status Conf -Schick v SLS - final.docx

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S
SEATTLE, WA 98104
V (206) 330-0595 /  F (206) 400-7609

1. Defendant intends to conduct discovery about Plaintiff's obtaining of the loan in question and the circumstances surrounding same, as well as any acknowledgments of the loan by Plaintiff.

2. Defendant intends to conduct discovery about payments made by Plaintiff towards the loan in question.

3. Defendant intends to conduct discovery about the factual allegations asserted by Plaintiff in her complaint.

4. Defendant intends to conduct discovery about any and all other factual issues relevant to this litigation.

### c. Electronically stored information.

The parties have informed their respective clients of the need to protect and preserve ESI in their possession that may be relevant to this case. Because this case is not procedurally or factually complex, the parties do not anticipate there will be much, if any, ESI discovery required. Accordingly, the parties do not feel a formal ESI discovery order is necessary at this time. In the event any issues with discovery or production of ESI arise that the parties cannot resolve informally, the parties agree such disputes should be presented to the Court using LCR 37(a)(2)'s expedited joint motion procedure. Should an ESI discovery order become necessary later in the case, the parties agree to jointly prepare such an order for the court's review and entry.

### d. Privilege issues.

The parties shall assert attorney-client privilege, attorney work product protection, or any other applicable privilege or protection in response to any specific discovery requests to which one or more of the privileges apply. The parties shall further affirmatively indicate within their discovery responses whether privileged documents exist and are being withheld on the basis of an asserted privilege. Privilege logs will be produced concurrently with each party's discovery responses.

JOINT STATUS REPORT AND DISCOVERY PLAN - 3
2:20-cv-01529-BJR
Joint Status Conf -Schick v SLS - final.docx

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S
SEATTLE, WA 98104
V (206) 330-0595 /  F (206) 400-7609

**e.    Proposed limitations on discovery.**

The Defendant in this case is the alleged debt collector who filed a collection action against the Plaintiff in state court. As such, the parties understand that this relationship may impact the scope of discoverable information. The scope of privilege in discovery will be governed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and by the applicable Local Rule or case law. Beyond recognizing privilege issues and their potential impact on the case, the parties do not anticipate the need for any changes or limitations on discovery at this time.

**f.    The need for any discovery related orders.**

The parties anticipate the need for protective order to govern the use of information in discovery designated as "confidential." The parties agree to use the Model Stipulated Protective Order, as modified by mutual agreement. The parties expect to file a proposed Stipulated Protective Order by January 4, 2021.

The parties request the Court enter an Order pursuant to Fed.R.Evid. 502(d).

**5.    The parties' views, proposals, and agreements, by corresponding paragraph letters, on all items set forth in Local Civil Rule 26(f)(1), which includes the following topics:**

**a.    Prompt case resolution.**

The parties are open to informal settlement discussions at the present time and anticipate being amenable to such discussions as the case progresses.

**b.    Alternative dispute resolution.**

In the interest of resolving this matter in a just, timely, and cost-effective manner, the parties will consider resolution by private mediators.

**c.    Related cases.**

JOINT STATUS REPORT AND DISCOVERY PLAN - 4
2:20-cv-01529-BJR
Joint Status Conf -Schick v SLS - final.docx

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S
SEATTLE, WA 98104
V (206) 330-0595 /  F (206) 400-7609

On August 10, 2020, SLS filed a summons and complaint in Washington State District Court for the County of Pierce under case number XZ714485C. Plaintiff Amanda Schick filed a notice of appearance through her counsel in that case as a defendant.

### d. Discovery management.

Discovery should be managed as provided for in the Federal Rules of Civil Procedure and Local Rules. The Parties do not currently seek additional management on discovery issues.

### e. Anticipated discovery sought.

The parties anticipate discovery depositions of the parties and discovery pursuant to Civil Rule 33, 34 and 36. There also may be a need for some discovery from non-parties. *See also* Section 4.b above.

### f. Phasing motions.

The Parties do not currently believe that phasing motions is desirable.

### g. Preservation of discoverable information.

The Parties agree that all discoverable information has been and will continue to be preserved from the notice of the issues from which this lawsuit arises throughout the entirety of the litigation.

### h. Privilege issues.

*See* Paragraph 4.d, supra.

### i. Model Protocol for Discovery of ESI.

*See* Paragraph 4.c, supra.

### j. Alternatives to Model Protocol.

Without waiving objections regarding challenges to production of specific documents, or categories of documents, the parties agree to preserve all native files, including metadata, for email and non-email alike, related to this matter during the pendency of the case. With regard to email, the parties agree to produce copies of these electronic files. Native files will only be

JOINT STATUS REPORT AND DISCOVERY PLAN - 5
2:20-cv-01529-BJR
Joint Status Conf -Schick v SLS - final.docx

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609

produced if specifically requested by a party and at the requesting party's expense. The parties further agree to work cooperatively to minimize the time and expense related to production of e-discovery. The parties further acknowledge their duties relative to inadvertent production of privilege documents, under FRCP 26(b)(5)(B) and Rule 502 of the Federal Rules of Evidence.

**6.     The date by which discovery can be completed.**

**II.**

| Event | Deadline |
|---|---|
| Exchange Initial Disclosures | December 28, 2020 |
| Deadline to Join Additional Parties | January 11, 2021 |
| Deadline to Add Claims or Defenses | January 31, 2021 |
| Fact Discovery Cut-Off | November 30, 2021 |
| Expert Discovery Deadline | December 15, 2021 |
| Dispositive Motion Deadline | January 31, 2021 |
| Trial | At least 90 days following final resolution of dispositive motions. |

**1.     Whether the case should be bifurcated by trying the liability issues before the damages issues, or bifurcated in any other way.**

The Parties do not currently believe that the case should be bifurcated.

**2.     Whether the pretrial statements and pretrial order called for by Local Civil Rules 16(e), (h), (i), and (k), and 16.1 should be dispensed with in whole or in part for the sake of economy.**

The parties agree that they will comply with, and not dispense with, pretrial statements and the pretrial order.

**3.     Whether the parties intend to utilize the Individualized Trial Program set forth in Local Civil Rule 39.2 or any ADR options set forth in Local Civil Rule 39.1.**

JOINT STATUS REPORT AND DISCOVERY PLAN - 6
2:20-cv-01529-BJR
Joint Status Conf -Schick v SLS - final.docx

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S
SEATTLE, WA 98104
V (206) 330-0595 /  F (206) 400-7609

At present, the parties do not have any other suggestions for shortening or simplifying the case.

**4.     Any other suggestions for shortening or simplifying the case.**

Parties expect to move for summary judgment in an effort to end, shorten, or simplify the case. Defendant reserves the right to file any other dispositive motion it deems appropriate. The parties currently have no additional, specific suggestions for shortening or simplifying the case.

**5.     The date the case will be ready for trial. The Court expects that most civil cases will be ready for trial within a year after filing the Joint Status Report and Discovery Plan.**

The Parties believe that the case will be ready for trial within one year of entry of the case scheduling order.

**6.     Whether the trial will be jury or non−jury.**

Plaintiff has demanded a jury. Defendant contends Plaintiff's jury demand is untimely and that Plaintiff has therefore waived the right to a jury trial. Plaintiff has agreed to strike their Jury Demand and thus the matter will be a bench order.

**7.     The number of trial days required.**

The Parties believe that three (3) full court days will be needed to try this case.

**8.     The names, addresses, and telephone numbers of all trial counsel.**

1. <u>Attorneys for Plaintiff Amanda Schick</u>

    Jason D. Anderson
    Anderson Santiago, PLLC
    787 Maynard Ave S.
    Seattle, WA  98104-2987
    (206) 395-8989
    jason@alkc.net

    Thomas Tyler Santiago
    Anderson Santiago, PLLC
    787 Maynard Ave S.

JOINT STATUS REPORT AND DISCOVERY PLAN - 7
2:20-cv-01529-BJR
Joint Status Conf -Schick v SLS - final.docx

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S
SEATTLE, WA 98104
V (206) 330-0595 /  F (206) 400-7609

Seattle, WA  98104-2987
(206) 395-8989
tyler@alkc.net

Christina L. Henry
Henry & DeGraaff, P.S.
787 Maynard Ave S.
Seattle, WA  98104-2987
(206) 330-0595
chenry@hdm-legal.com

2. Attorney for Student Loan Solutions, LLC

Michael Shannon O'Meara
The O'Meara Law Office, PS
1602 Virginia Avenue
Everett, WA  98201-1704
(425) 263-1732
michael@omearalawoffice.com

**9.  The dates on which the trial counsel may have complications to be considered in setting a trial date.**

Plaintiff has conflicts for trial on the following dates:

The Plaintiff has conflicts for the following dates:

1) May 24, 2021 to June 4, 2021

2) October 27, 2021 to November 2, 2021

November 29, 2021 to December 6, 2020

Defendant has conflicts for trial on the following dates:


**10.  Whether all defendants have been served.**

The Defendant accepted service on October 8, 2020.

**11.  Whether any party wishes a scheduling conference before the Court enters a scheduling order in the case.**

No.

JOINT STATUS REPORT AND DISCOVERY PLAN - 8
2:20-cv-01529-BJR
Joint Status Conf -Schick v SLS - final.docx

Henry & DeGraaff, P.S.
787 Maynard Ave S
Seattle, WA 98104
V (206) 330-0595 /  F (206) 400-7609

**12. List the date(s) that each and every nongovernmental corporate party filed its disclosure statement pursuant to Fed. R. Civ. P. 7.1 and Local Rule 7.1.**

10/20/2020     Student Loan Solutions, LLC          (Dkt 5)

DATED this 4th day of January 2021.

s/ Christina L. Henry_____
Christina L. Henry, WSBA # 31273
Henry & DeGraaff, P.S.
787 Maynard Ave S.
Seattle, WA  98104-2987
(206) 330-0595
chenry@hdm-legal.com
Attorney for Plaintiff

 /s/ Jason D. Anderson_____
Jason D. Anderson, WSBA#
Anderson Santiago, PLLC
787 Maynard Ave S.
Seattle, WA  98104-2987
(206) 395-8989
jason@alkc.net
Attorney for Plaintiff

 /s/ Thomas Tyler Santiago_____
Thomas Tyler Santiago, WSBA#
Anderson Santiago, PLLC
787 Maynard Ave S.
Seattle, WA  98104-2987
(206) 395-8989
tyler@alkc.net
Attorney for Plaintiff

/s/ Michael Shannon O'Meara_____
Michael Shannon O'Meara, WSBA#
The O'Meara Law Office, PS
1602 Virginia Avenue
Everett, WA  98201-1704
(425) 263-1732
michael@omearalawoffice.com

JOINT STATUS REPORT AND DISCOVERY PLAN - 9
2:20-cv-01529-BJR
Joint Status Conf -Schick v SLS - final.docx

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S
SEATTLE, WA 98104
V (206) 330-0595 /  F (206) 400-7609