The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AMANDA SCHICK,<br><br>    Plaintiff,<br><br>vs.<br><br>STUDENT LOAN SOLUTIONS, LLC,<br><br>    Defendant. | NO. 2:20-cv-01529-BJR<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT WITH MOTION TO STRIKE**<br><br>NOTE ON MOTION CALENDAR:<br><br>None (Pursuant to Judge's Procedures) |

## I.     INTRODUCTION

Despite SLS' best efforts to complicate this case, the underlying facts are straightforward: SLS attempted to collect a purported student loan, supposedly originated between Amanda Schick and Bank of America for $30,000 on August 28, 2007, to which SLS supposedly owns the right to collect. In so doing, SLS made several false statements, and attempted to collect a debt not owed, which violates the FDCPA and WCAA/CPA.

Lacking any evidence that Ms. Schick owed any money, SLS cobbled together various incomplete documents from the past 14 years, none of which proved that Ms. Schick owed any money to anyone. SLS even appeared upset that Ms. Schick did not have documentation of the non-existent loan from 14 years ago, and so SLS issued a subpoena to Ms. Schick's bank. Even

PLAINTIFF'S REPLY IN SUPPORT OF PARTIAL MSJ - 1
2:20-CV-01529-BJR

**HENRY & DEGRAAFF, PS**
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 330-0595/F (206) 400-7609

though her bank would not provide the records upon Ms. Schick's own request, the bank did comply with the subpoena. Entirely consistent with Ms. Schick's memory, the bank statements reveal there was no $30,000 loan from Bank of America.

In increasing desperation, SLS now argues (in opposition to summary judgment) a series of hypotheticals and borderline conspiracy theories that somehow Ms. Schick may have obtained the mythical $30,000 Bank of America loan, despite literally all evidence to the contrary. Indeed, as the party purportedly in possession of Bank of America's records, SLS should be able to produce some evidence that such a loan actually occurred. It cannot. The salient points on this motion in this case are that SLS pursued Ms. Schick on a loan which she did not owe, and made false statements in doing so, thus violating the FDCPA and WCAA/CPA.

While it is not Ms. Schick's job to speculate what might have occurred (in that she did not borrow $30,000 from Bank of America), her 2007 bank statements appear to show a different loan from a different lender which, only days later, was returned in full. Again, as Ms. Schick previously testified (and provided corroborating evidence), she only used federal student loans and scholarships to pay for her 2007-08 year in Bible college. In any event, the bank statements definitively demonstrate that Ms. Schick did not take out the fabled $30,000 Bank of America loan, and that is wholly dispositive of this case in her favor.

SLS' other arguments should be equally disregarded, such as its claims that Ms. Schick somehow "lacks standing" to assert FDCPA claims because of a lack of "reliance." As a strict-liability statute, "reliance" is not an element of any FDCPA claim, and as the recipient of the collection communications, Ms. Schick absolutely has standing to sue. Likewise, Ms. Schick's payments to a different debt collector – which she made because she was intimidated – cannot rewrite history and create a "loan" which never existed.

PLAINTIFF'S REPLY IN SUPPORT OF PARTIAL MSJ - 2
2:20-CV-01529-BJR

**HENRY & DEGRAAFF, PS**
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 330-0595/F (206) 400-7609

In short, there are no genuine issues of material fact – much as SLS attempts to raise questionable "issues" concerning irrelevant "facts" – and summary judgment in Plaintiff's favor is appropriate.

## II.     OBJECTION TO EVIDENCE AND MOTION TO STRIKE

As this Court is aware, hearsay is inadmissible and cannot be considered on a motion for summary judgment. *Hexcel Corp. v. Ineos Polymers, Inc.*, 681 F.3d 1055, 1063 (9th Cir. 2012). A business document meets the business records exception to the hearsay rule if it is attached to a declaration that provides testimony from the custodian or another "qualified witness" and it meets three requirements: (1) "the record was made at or near the time by—or from information transmitted by—someone with knowledge"; (2) "the record was kept in the course of a regularly conducted activity of a business"; and (3) "making the record was a regular practice of that activity." Fed. R. Evid. 803(6)(A)-(D). However, the business record exception applies only where a business record is trustworthy. *United States v. Olano*, 62 F.3d 1180, 1205 (9th Cir. 1995).

In support of its response to Plaintiff's motion, Defendant relies on hearsay, speculation, and documents which Defendant cannot authenticate. For example, Defendant attempts to prove ownership of the debt with a modified, one-page excerpt of a document. *See* ¶ 8 of Dkt. No. 22-1, Ex A, SLS Document Production Bates 0104. The document appears to have been created solely for the purpose of litigation, as it was not created in the regular course of business, and therefore is not admissible under the business record exception to the hearsay rule. *Olano*, 62 F.3d at 1205.

The Plaintiff submits ¶¶ 3-28, 30 of Dkt No. 22-1, and ¶¶ 4-5, 11 of Dkt No. 22-3 and the referenced exhibits should be stricken, as these statements are made without personal knowledge

PLAINTIFF'S REPLY IN SUPPORT OF PARTIAL MSJ - 3
2:20-CV-01529-BJR

**HENRY & DEGRAAFF, PS**
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 330-0595/F (206) 400-7609

1  and the related documents lack the indicia of trustworthiness required to be admissible as a

2  business record. *See* Fed. R. Civ. Pro. 56(c)(4); Fed. R. Evid.803(6).

3  Furthermore, Mr. Ruh is not competent to testify regarding ¶¶ 3-28, 30 of Dkt. No. 22-1,

4  and ¶¶ 4-5, 11 of 22-3 or the related documents. This is because a declaration must show

5  affirmatively that the declarant is competent to testify. A witness is only competent to testify to a

6  matter if it is introduced with sufficient support to show that the witness has personal knowledge

7  of the matter. Fed. R. Evid. 602; *Bemis v. Edwards*, 45 F.3d 1369, 1373 (9th Cir. 1995). A

8  declaration where personal knowledge cannot be inferred is entitled to no evidentiary weight. *Bank*

9  *Melli Iran v. Shah Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995). Moreover, declarations filed

10 pursuant to 56(c)(4) are not admissible if they do not contain sworn testimony by competent fact

11 witnesses. *See Teras Chartering, LLC v. Hyupjin Shipping Co.*, No. 2:16-CV-0188-RSM, 2017

12 WL 2363632, at *4 (W.D. Wash. May 31, 2017)

13 Here, SLS has failed to meet the requirements for the admissibility of Chris Ruh's

14 declarations for both SLS and Williams & Fudge ("WFI"). *See* Dkt No. 22-1 ("Ruh's SLS Dec.")

15 and 22-3 ("Ruh's WFI Dec."). Other than stating in his declarations that his testimony is based

16 on personal knowledge, and knowledge acquired from a review of business records, Ruh's

17 statements largely rely on conclusory statements of "fact." Meanwhile, Mr. Ruh fails to provide

18 any evidence or details of how he obtained personal knowledge of those "facts" (in other words,

19 his statements lack foundation). SLS' witness does nothing more than pay lip service to the

20 business records exception to hearsay, reciting the wording of the statute and providing no

21 additional detail. Dkt #22-1 ("these records are regularly and contemporaneously created and

22 maintained in the ordinary course of business"). It is unclear how Mr. Ruh could possibly know

23 the recordkeeping and maintenance procedures of the records at Bank of America, let alone the

PLAINTIFF'S REPLY IN SUPPORT OF PARTIAL MSJ - 4
2:20-CV-01529-BJR

**HENRY & DEGRAAFF, PS**
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 330-0595/F (206) 400-7609

practices that were in place fourteen years ago when Ms. Schick allegedly received a loan. *Miller v. Fairchild Indus., Inc.*, 885 F2d 498, 514 9th Cir. 1989). For these reasons, Plaintiff respectfully requests that this Court strike ¶¶ 3-28, 30 of Dkt No. 22-1, and ¶¶ 4-5, 11 of Dkt No. 22-3 and the referenced exhibits.   Lastly, the opposition brief is two pages overlength, and since a prior request from the court for permission pursuant to LCR 7(f) was not requested, the court should strike the last two pages of the opposition brief.

### III.   LEGAL ARGUMENT

**A.   Scheduling Debts in Bankruptcy is not a Judicial Admission.**

In what can only be described as a desperate grasp at the proverbial straw, SLS bizarrely claims that listing student loan debts in the Plaintiff's bankruptcy schedules constitutes a judicial admission of the debt's validity, estopping her from claiming in this lawsuit that SLS's alleged debt is not owed.[1] Dkt No. 22 at 12-13. Defendant's contention is false because a debtor's bankruptcy schedules are not dispositive of any debts owed. Unlike a bankruptcy debtor who is relinquishing the legal responsibility for their debts and alleged debts, a judicial admission binds a party to liability. *Spokane Law En't Fed. Credit Union v. Barker (In re Barker)*, 839 F.3d 1189, 1195 (9th Cir. 2016).

Moreover, bankruptcy requires participation from a creditor to affirmatively file a proof of claim to receive payment. *Id.* at 1193-94.[2] The listing of a claim in a bankrupt's schedules without noting if it is disputed or contingent likewise has no bearing on its validity. The sole purpose of listing debts is to give notice that the debtor is relinquishing all potential liability

---

[1] This, of course, creates other problems if Defendants were correct, such as the fact that the debt would be uncollectable by virtue of the bankruptcy discharge.

[2] A creditor in the Chapter 11 context is not always required to file a proof of claim. *Varela v. Dynamic Brokers, Inc. Barker*, 839 F.3d at 1194.

PLAINTIFF'S REPLY IN SUPPORT OF PARTIAL MSJ - 5
2:20-CV-01529-BJR

**HENRY & DEGRAAFF, PS**
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 330-0595/F (206) 400-7609

without the need for adjudication of any debt's enforceability. *See In re Tragopan Properties, LLC,* 164 Wash. App. 268, 277 (2011). Finally, because of the inherent nature of the bankruptcy claims process, the bankruptcy court never "accepted" or "relied on" Ms. Schick's listing of creditors for her to obtain a no asset chapter 7 bankruptcy discharge, which is a prerequisite of the judicial estopped doctrine. *Interstate Fire & Casualty Co. v. Underwriters at Lloyd's, London,* 139 F.3d 1234, 1239 (9th Cir.1998). Moreover, in a no-assets, no-bar-date chapter 7 bankruptcy, "dischargeability is unaffected by scheduling." In re Nielsen, 383 F.3d 922, 926 (9th Cir. 2004). A dischargeable debt would have been discharged, and a non-dischargeable debt would not have been discharged, regardless of scheduling. *Id.* [3]

## B. **The Preclusive Effect of Ms. Schick's Prior Statements In this Litigation**

The Defendant spends much of its response brief claiming that prior statements made *outside* the course of litigation bind the Plaintiff. *See* Dkt No. 22 at 12-13. Aside from the listing of alleged debts in her bankruptcy schedules, the Defendant does not rely on prior evidentiary admissions in other court cases to support its claim. Unable to establish the presence of a genuine dispute, the Defendant merely speculates without evidence about the veracity of her declaration filed in support of this motion without any evidence to refute them. *See* Dkt No. 17. Defendant's disagreement with the testimony in Plaintiff's declaration about why she made payments to Williams & Fudge, Inc. ("WFI") after her bankruptcy discharge does not contradict or impeach that testimony. *See* Dkt No. 19-1, at ¶ 10; Dkt No. 22-3, at p. 14, Ex. B.

---

[3] As addressed in Plaintiff's Motion for Summary Judgment, references to the dischargeability of the alleged student loan debts at issue is irrelevant to this lawsuit.

PLAINTIFF'S REPLY IN SUPPORT OF PARTIAL MSJ - 6
2:20-CV-01529-BJR

**HENRY & DEGRAAFF, PS**
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 330-0595/F (206) 400-7609

### C. Ms. Schick's Pre-Suit FDCPA Claims for Misrepresentation are Valid

SLS wrongly asserts that Ms. Schick lacks standing for her FDCPA claim of misrepresentation for pre-suit communications with SLS due to a lack of reliance. *See* Dkt No. 22, at p. 18-19. The FDCPA is a strict-liability statute; "reliance" is not an element of any claim. *Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1005 (9th Cir. 2008). Defendant's arguments on this point, if meaningful at all, would go to the extent and amount of Ms. Schick's damages, not whether she has standing to assert her strict-liability claims. After all, the standard on an FDCPA claim is objective, applying the least sophisticated consumer standard. *Wade v. Regional Credit Ass'n.*, 87 F.3d 1098, 1100 (9th Cir. 1996). Whether Ms. Schick subjectively relied on SLS' misrepresentation is not part of the analysis on whether a violation occurred. SLS' attempt to bootstrap a standing argument onto whether demanding an exorbitant amount of money not owed is a misrepresentation under the FDCPA should be ignored  To be clear, SLS sent communications to Ms. Schick which asserted that she owed a 20 percent attorney's fee, which is absolutely uncollectable under any interpretation of law. SLS' attempt to parse out the 20 percent attorney fee request from what was requested in the complaint only bolsters Plaintiff's case: Defendant attempted to collect the 20 percent fee from Ms, Schick in out of court communications, but when it filed its collection lawsuit, it knew that such fee was illegal and did make such a demand in its lawsuit. *See* Dkt No. 22, at 20.

### D. State Law Claims

The Defendant's assertions that state law claims are not actionable because the Plaintiff fails to establish injury under the WCAA/CPA is inaccurate. As stated in *Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 53–54, 204 P.3d 885 (2009), incurring expenses in seeing an

PLAINTIFF'S REPLY IN SUPPORT OF PARTIAL MSJ - 7
2:20-CV-01529-BJR

**HENRY & DEGRAAFF, PS**
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 330-0595/F (206) 400-7609

attorney to determine one's legal rights and responsibilities is enough to satisfy the injury component of the statute. *Panag*, 166 Wn.2d 27, 53–54. *See also*, ¶¶ 20-21, Dkt No. 19-1.

### E. Bona Fide Error

A defendant asserting "bona fide error" bears the burden of establishing that (1) it violated the FDCPA unintentionally; (2) the violation resulted from a bona fide error; and (3) it maintained procedures reasonably adapted to avoid the violation. *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011) (citation omitted).

Instead of making any attempt to prove the affirmative defense, a burden which SLS carries, Defendant simply recites a list of self-serving "facts" that do not address any of the numerous violations alleged by Plaintiff, do not identify an error made by SLS, and do not identify a procedure designed to avoid the error. Response at 23. *See Johnson v. Columbia Debt Recovery, LLC*, No. C20-573RSM, 2021 WL 796332, at *3 (W.D. Wash. Mar. 2, 2021) (the burden is on the defendant to provide evidence in support of the bona fide error defense); *Burr v. Evergreen Pro. Recoveries, Inc.*, No. C19-949RSM, 2020 WL 4261137, at *3 (W.D. Wash. July 24, 2020) (a defendant must provide evidence of a procedure specifically adapted to avoid the error). Thus, Plaintiff respectfully requests that this Court dismiss SLS' bona fide error defense.

### F. Additional Discovery Is Not Warranted

To make a claim for additional discovery under Rule 56(d), the opposing party must provide a detailed declaration stating what discovery would be sought and what they plan to prove. *Tatum v. City & County of San Francisco*, 441 F3d 1090, 1101 (9th Cir. 2006). Here, SLS's declaration in support of its Rule 56(d) request focuses on the need for Ms. Schick's bank statements, which they have now obtained and filed with the court. *See*. Dkt No. 22-2; Dkt No. 23. Moreover, as Ms. Schick states in her declaration in support of this reply, she does not have

PLAINTIFF'S REPLY IN SUPPORT OF PARTIAL MSJ - 8
2:20-CV-01529-BJR

**HENRY & DEGRAAFF, PS**
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 330-0595/F (206) 400-7609

any additional information to provide regarding a transaction that purportedly took place more than fourteen years ago. *See* Schick Reply Dec, at ¶ 6. To the extent that SLS is relying on future evidence from Ms. Schick to prove that she received the loan, that only reinforces Schick's claims that SLS has engaged in unfair and deceptive acts and misrepresentations to collect on a loan to which it has no ownership and no evidence that it was ever even disbursed. Thus, Plaintiff respectfully request that this Court deny Defendant's request and grant the Plaintiff's partial motion for summary judgment.

Dated this 16th day of April, 2021.

**HENRY & DEGRAAFF, PS**

By: */s/ Christina L Henry*
Christina L Henry, WSBA No. 31273
Attorneys for Plaintiff
787 Maynard Ave. S.
Seattle, WA 98104
(206) 330-0595 / (206) 400-7609 (fax)

**ANDERSON SANTIAGO, PLLC**

By: */s/ T. Tyler Santiago*
Jason D. Anderson, WSBA No. 38014
T. Tyler Santiago, WSBA No. 46004
Attorneys for Plaintiff
787 Maynard Ave. S.
Seattle, WA 98104
(206) 395-2665 / (206) 395-2719 (fax)

PLAINTIFF'S REPLY IN SUPPORT OF PARTIAL MSJ - 9
2:20-CV-01529-BJR

**HENRY & DEGRAAFF, PS**
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 330-0595/ F (206) 400-7609

## Certificate of Service

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael Shannon O'Meara
The O'Meara Law Office, PS
1602 Virginia Avenue
Everett, WA 98201-1704
(425) 263-1732
*michael@omearalawoffice.com*

Dated this 16th of April, 2021

                     */s/ Christina L Henry*
                     Christina L Henry