The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

AMANDA SCHICK,

            Plaintiff,

  v.

STUDENT LOAN SOLUTIONS, LLC,

            Defendant.

Civil Action No. 2:20-cv-01529-BJR

**DEFENDANT'S SURREPLY IN OPPOSITION TO OBJECTION TO EVIDENCE AND MOTION TO STRIKE CONTAINED IN REPLY MEMORANDUM**

## I.      The Challenged Statements And Documents Are Admissible

Plaintiff objects to, and asks the Court to strike, statements in and exhibits to Student Loans Solutions, LLC's ("SLS") and Williams & Fudge, Inc.'s ("WFI") declarations. She challenges SLS's contract with Bank of America, N.A. ("BOA"), the documents received from BOA, and WFI's payment history. These items are admissible and properly before the Court.

### a.  The Loan Sale Agreement

Plaintiff challenges SLS's authentication of the loan sale agreement, but it was signed by the same individual who executed SLS's declaration. *See* DE 22-1, pp. 8, 43. Without support, Plaintiff contends Annex I was created solely for the purpose of litigation. The contract clearly incorporates Annex I and indicates it is a computer file, and the declaration states the attachment

Surreply to Objection to Evidence and Motion to Strike

PAGE 1

THE O'MEARA LAW OFFICE
1602 VIRGINIA AVE
EVERETT, WA 98201
MICHAEL@OMEARALAWOFFICE.COM

is a true and correct printout of an excerpt of the computer file. *See* DE 22-1, ¶ 8 and Ex. A, p. 49. The authentication requirements of Rule 901(b)(1) are clearly satisfied. If the person who signed a contract is not permitted to authenticate it, then no one could ever authenticate a contract.

**b. Bank of America Documents**

Plaintiff contends Mr. Ruh does not state how he comes to know the facts attested to, but he states they are based on his personal knowledge and his review of the relevant business records. DE 22-1, ¶ 2. Plaintiff appears to contend SLS cannot authenticate records acquired from BOA, but Plaintiff is mistaken. *See DZ Bank AG Deutsche Zentral-Genossenschaftsbank v. Connect Ins. Agency, Inc.*, 2016 WL 613574 (W.D. Wash. Feb. 16, 2016). There, the court said:

> Under the business records exception to the hearsay rule, the proponent of the evidence must provide testimony from the custodian of the document or another "qualified witness" that satisfies three requirements: (1) "the record was made at or near the time by—or from information transmitted by—someone with knowledge"; (2) "the record was kept in the course of a regularly conducted activity of a business"; and (3) "making the record was a regular part of that activity." Fed. R. Evid. 803(6)(A)-(D). In this circuit, however, records that a business "receives from others are admissible under Federal Rule of Evidence 803(6)" when three conditions are met: (1) the records are received directly from the other par[t]y and are kept by the recipient in the regular course of its business, (2) the records are relied upon by the recipient of the business, and (3) the recipient business has a substantial interest in the accuracy of the records.

*Id.* at *16 (citing *MRT Constr., Inc. v. Hardrives, Inc.*, 158 F.3d 478, 483 (9th Cir. 1998). *See, also, Cage v. Cach, LLC*, 2014 WL 2170431, at *3 (W.D. Wash. May 22, 2014) ("CACH's decision to file debt collection actions against plaintiffs for the outstanding balance on these accounts indicates that defendants trusted and relied upon the accuracy of the records…").

The BOA records meet these conditions. SLS received them directly from BOA in a non-modifiable format and deposited them with WFI, as SLS's agent, for keeping in the regular course of business, with no subsequent data breach. *See* DE 22-1, ¶¶ 9, 29-31. Relying on the documents, SLS decided to file, and did file, suit against Plaintiff. *See* DE 22-1, ¶¶ 34-36 and DE 22-3, ¶¶ 15-

Surreply to Objection to Evidence and Motion to Strike

PAGE 2

THE O'MEARA LAW OFFICE
1602 VIRGINIA AVE
EVERETT, WA 98201
MICHAEL@OMEARALAWOFFICE.COM

18.  Plaintiff neither objects to nor contests this fact.  SLS has a substantial interest in the accuracy of the BOA documents because attempts to collect a debt based on inaccurate documents could expose SLS to substantial potential liability under state and federal consumer statutes, as Plaintiff seeks to impose here.  Under *MRT Constr.*, the documents are authenticated and admissible.

### c. Williams & Fudge Documents

Plaintiff challenges WFI's statements based on its own internal records which it created. The documents are authenticated based on personal knowledge and review of business records by an authorized custodian.  DE 22-3, ¶ 2.  Without support, Plaintiff contends the documents are untrustworthy but the information regarding the account number and account balances are corroborated by documents Plaintiff produced in discovery.  *See* DE 22-4, ¶ 4 and DE 22-5, pp. 89-133.  Plaintiff also concedes making the payments identified in WFI's records.  *See* DE 19-1, ¶ 11.  The documents and statements are admissible as sufficiently authenticated and trustworthy.

## II.    The Court Should Consider The Entirety Of Defendant's Opposition

Plaintiff requests the Court strike the last two pages of SLS's opposition, though she responds to the arguments therein and claims no prejudice to the court considering the pages. Although over-length briefs are disfavored and SLS did not seek permission to file an over-length brief, the Court may nevertheless consider the additional pages.  *See, e.g., Puget Soundkeeper Alliance v. Rainier Petroleum Corp.*, 2017 WL 6515970, at *5 (W.D. Wash. Dec. 19, 2017) (considering over-length brief where opposing party had opportunity to respond and did not allege prejudice).  The Court may consider the additional pages, and SLS respectfully requests it do so.

This the 21st day of April, 2021.                           Respectfully submitted,

_____/s  Michael S. O'Meara_____
Michael S. O'Meara/WSBA No. 41502
Attorney for the Defendant

THE O'MEARA LAW OFFICE
1602 VIRGINIA AVE
EVERETT, WA 98201
MICHAEL@OMEARALAWOFFICE.COM

## CERTIFICATE OF SERVICE

I certify that on April 21, 2021, a copy of the foregoing Notice of Intent to File Surreply was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system, including on Plaintiff's counsel as follows:

PARTIES SERVED:

T. Tyler Santiago                    Christina L. Henry
Jason D. Anderson                  Henry & DeGraaff, P.S.
Anderson Santiago, PLLC        787 Maynard Ave, S
787 Maynard Ave, S               Seattle, WA 98104
Seattle, WA 98104


_____/s  Michael S. O'Meara_____
Michael S. O'Meara/WSBA No. 41502
Attorney for the Defendant

Surreply to Objection to Evidence and Motion to Strike

PAGE 4

THE O'MEARA LAW OFFICE
1602 VIRGINIA AVE
EVERETT, WA 98201
MICHAEL@OMEARALAWOFFICE.COM